UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

APOLLO WATER TECHNOLOGIES, INC.                    CIVIL ACTION

VERSUS                                             NO: 26-233

CHRISTOPHER JEAN ET AL.                            SECTION: "A" (2)

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss Under Rules 12(b)(6) and 17(a) (R. Doc. 11)**, filed by Defendants, Christopher Jean, Thierry Gaubert, and Kelley Barber. Plaintiff, Apollo Water Technologies, Inc., opposes the motion. The motion, set for submission on April 29, 2026, is before the Court on the briefs without oral argument. For the following reasons, the Court **DENIES** the motion.

### I.   Background

Apollo Water Technologies, Inc. ("AWT") filed this suit claiming to be a member of Gulf South Oil Solutions, LLC ("Gulf South") since 2018.[1] Gulf South is a limited liability company organized in 2015 under the laws of Louisiana.[2] On March 2, 2018, William White, at the time a member of Gulf South and the CEO of AWT, executed an agreement purportedly assigning and transferring his membership interest, in part, to AWT.[3]

AWT now brings this lawsuit alleging that Defendants, as co-members of Gulf South, breached their obligations by withholding distributions owed to AWT and by taking steps to prohibit it from effectively managing Gulf South.[4] AWT claims that a "campaign of fiduciary impropriety" began in 2024, following a personal dispute between Christopher Jean (a defendant

---

[1] *See generally* R. Doc. 1, Complaint.
[2] *Id.* ¶ 7.
[3] *Id.* ¶ 8.
[4] *Id.* ¶¶ 14-17

and member of Gulf South) and William White.[5] AWT alleges that after the personal fallout between Christopher Jean and William White, Jean and the other Gulf South members began to take steps to limit AWT's (1) ability to manage Gulf South effectively; (2) ability to conduct various business operations; (3) access to relevant company information; and (4) receipt of distributions/profits to which AWT is entitled according to Article IV of the Operating Agreement.[6]

In response to this instant lawsuit, Defendants have filed the pending motion to dismiss, contending that AWT is not a member of Gulf South and therefore is not a real party in interest under Rule 17(a). Further, it has failed to state a claim upon which relief may be granted under Rule 12(b)(6) because it does not have standing to bring its claims.[7]

## II.    Discussion

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

---

[5] *Id.* ¶ 18.
[6] *See generally id.*
[7] R. Doc. 11-1, Memo. in Support of Mot. to Dismiss, at 9.

Rule 17(a) of the Federal Rules of Civil Procedure sets forth requirements concerning who may assert an action in federal court. Rule 17(a) requires that, with certain exceptions, an action "be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). The purpose of this rule is to ensure that a judgment is final, thereby protecting a defendant from having to defend an action twice, once against the ultimate beneficiary of a right and then against the actual holder of the substantive right. *Damon J. Baldone, LLC v. Starr Surplus Lines Ins. Co.*, No. 24-543, 2026 WL 364359, at *2 (E.D. La. Feb. 10, 2026) (Currault, Mag. J.)

"The real party in interest is the [one] holding the substantive right sought to be enforced, and not necessarily the [one] who will ultimately benefit from the recovery." *Id.* at *3 (quoting *Wieburg v. GTE Sw., Inc.*, 272 F.3d 302, 306 (5th Cir. 2001)) (quotations omitted). In a diversity action, federal courts apply state substantive law and federal procedural law. *Id.* Although the designation of the real party in interest is a procedural determination, a federal court sitting in diversity looks to state substantive law to determine who holds the substantive right sought to be enforced. *Id.* Under Louisiana law, a plaintiff generally cannot bring a claim based upon a contract to which it is not a party. *Id.* (citing *Farrell Constr. Co. v. Jefferson Par.*, 896 F.2d 136, 140 (5th Cir. 1990)). If, however, the real party in interest has assigned the right, the assignee may bring suit in its own name. *Id.*

To support their claim that ATW is not the real party in interest, Defendants attached Gulf South's 2019 Amended Operating Agreement.[8] The 2019 Agreement was executed by Christopher Jean, Thierry Gaubert, Kelly Barber, and William White, *not* by AWT.[9] Defendants argue that the fact that AWT is not a party to the Amended Operating Agreement proves that it is not a valid

---

[8] R. Doc. 11-2, Exhibit 1 2019 Amend. Operating Agreement.
[9] *Id.*

member of Gulf South.[10] Defendants also attached K-1 IRS tax forms issued to William White from the fiscal years 2021-2024, which supposedly show "payments to him from Gulf South totaling approximately $1,000,000 over that timeframe."[11] According to Defendants, these payments confirm that William White retained his membership interest in Gulf South at all relevant times for this lawsuit, not AWT.

In response, AWT asks the Court to consider the Assignment of LLC Membership Interest executed in 2018, which partially assigned William White's membership interest to AWT.[12] This agreement was signed by William White and all other members of Gulf South (including Christopher Jean and Thierry Gaubert) at the time of its execution.[13] The governing Operating Agreement at the time William White assigned his interest stated, in relevant part, "an assignee of an interest in a limited liability company shall not become a member or participate in the management of the limited liability company unless the other members unanimously consent in writing." And "an assignee who becomes a member has, to the extent assigned, the rights and powers, and is subject to the restrictions and liabilities, of a member under the articles of organization, and this operating agreement."[14]

Defendants do not dispute that 1) William White was a member of Gulf South in 2018; 2) the operating agreement that governed in 2018 allowed members to assign their membership interests; 3) assignees could become members of the LLC if all other members unanimously agreed in writing; 4) the 2018 Assignment of LLC Membership Interest is a valid document. Given these

---

[10] R. Doc. 11-1 at 11.

[11] *Id.* at 7.

[12] R. Doc. 12-2, Assignment of LLC Membership Interest. According to the agreement, William White assigned the remainder of his interest to Christopher Jean ("assignor [William White] desires to assign the remaining 20% of its membership interest in the LLC (constituting a Ten Percent (10%) membership interest in the LLC) to Christopher R. Jean by means of a separate Assignment of LLC Membership Interest").

[13] *Id.*

[14] R. Doc. 12-1, 2015 Operating Agreement, at 9.

undisputed facts, the Court declines to rule on the validity of AWT's membership interest because such a determination goes beyond the scope of a 12(b)(6) motion.

Defendants make the argument that the Court cannot "defer a dispositive legal identity problem to future discovery [because] Rule 17(a) does not permit litigation to proceed until the Court determines who owns the rights being asserted."[15] The only evidence they present to bolster the argument that AWT is not a real party in interest is that AWT is not listed as a member in the 2019 Amended Operating Agreement and that William White has supposedly continued to incur tax liabilities on behalf of Gulf South. However, these facts alone do not prove that AWT is not a member of Gulf South. Rather, if AWT became a member of Gulf South in accordance with the 2018 Assignment of LLC Membership Interest agreement, then the later Amended Operating Agreement purportedly overriding AWT's membership would be invalid. Further, if William White validly transferred his membership interest, then any distributions he received from Gulf South would also be invalid.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Under Rules 12(b)(6) and 17(a) (Rec. Doc. 11)** is **DENIED**.

June 24, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[15] R. Doc. 13, Reply in Support of Mot. to Dismiss, at 2.